**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VINCENT A. BAGBY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE COMPANY,<br>INC., *et. al.*,<br><br>    Defendants. | Case No. 3:17-cv-01069-JPG-SCW |

## **MEMORANDUM & ORDER**

### **J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on its own initiative for purposes of case management. This action is an insurance dispute between plaintiff Vincent Bagby—a citizen of Georgia—and seven named defendants, including State Farm Insurance Company and multiple public entities in the state of Georgia. Bagby asserts that this Court has subject-matter jurisdiction over his claims under theories of both diversity and federal question jurisdiction. (Compl. 3.) For the purposes of federal question jurisdiction, Bagby contends that a litany of statutes and causes of action apply to his case. (Compl. 4.)

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448–49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Here, Bagby has not adequately pled any form of subject-matter jurisdiction. First, even though Bagby has not filed additional pages in his complaint instructing why diversity of citizenship exists for each named defendant, complete diversity almost assuredly does not exist here when Bagby is a citizen of Georgia and four of the seven defendants are Georgia public entities. *See Strawbridge v. Curtiss,* 7 U.S. 267 (1806) (for complete diversity to exist, no party on one side of a suit may be a citizen of the same state as any party on the other side of the suit). Second, the Court is puzzled as to how the numerous statutes named in the complaint apply to this action and make the case a federal question. Bagby should have explained how each statute and cause of action he named applies to his case.

Accordingly, the Court **ORDERS** that Bagby shall have up to and including November 1, 2017 to correct these and any other jurisdictional defects in his complaint. *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should he fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: October 11, 2017**

                                                      **s/ *J. Phil Gilbert***
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**