# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

VINCENT A. BAGBY,

    Plaintiff,

v.

STATE FARM INSURANCE COMPANY, INC., *et. al.*,

    Defendants.

Case No. 3:17-cv-01069-JPG-SCW

## MEMORANDUM & ORDER

### J. PHIL GILBERT, DISTRICT JUDGE

This matter comes before the Court on its own initiative for purposes of case management. The plaintiff in this matter—a citizen of Georgia—filed this action on October 5, 2017 against seven named defendants, including State Farm Insurance Company and multiple public entities in the state of Georgia. (Doc. 2.) The plaintiff asserted that this Court has subject-matter jurisdiction over his claims under theories of both diversity and federal question jurisdiction. (Compl. 3.) On October 11, this Court explained that both theories of subject-matter jurisdiction failed and ordered the plaintiff to file an amended complaint by November 1, 2017 that remedied the issue. (Doc. 4.) Plaintiff filed his amended complaint one day late on November 2, 2017. (Doc. 5.) Regardless, plaintiff's amended complaint still fails to properly allege any form of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v.*

*Gerber Prods. Co.*, 211 F.3d 445, 448–49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

First, the plaintiff claims that diversity jurisdiction is present here because "complete diversity exists". The plaintiff is wrong. As explained in the prior order, complete diversity does not exist when a party on one side of a suit is a citizen of the same state as any party on the other side of the suit. *Strawbridge v. Curtiss,* 7 U.S. 267 (1806). In the plaintiff's amended complaint, he states that both he and several of the defendants are citizens of Georgia. (Am. Compl. 2–4.) Complete diversity does not exist.

Second, the plaintiff has not adequately pled any form of federal question jurisdiction. The plaintiff has asserted that a number of federal statutes apply to his case—including a breach of contract under 41 U.S.C. § 6503 (Am. Compl. 7); a violation of the "18 USC 1961 [and 1962] RICO Statute[s]" (Am. Compl. 9); a violation of "multiple Federal Statutes contained in an entire section of Federal insurance law . . . contained in 15 U.S.C. 6760" (Am. Compl. 10); a violation of the plaintiff's constitutional rights "Under Color of Authority thereby violating 42 U.S.C. § 1984" (Am. Compl. 10); violations of the Equal Credit Opportunity Act, Fair Credit Reporting Act, Fairness and Accuracy in Credit Transactions Act, Fair Credit Act, and Computer Fraud and Abuse Act (Am. Compl. 12–14); and "misrepresentation in advertising pursuant to 25 U.S.C. § 6503" stemming from State Farm's slogan "Like a Good Neighbor, State Farm is There" (Am. Compl. 18).

The Court has reviewed the plaintiff's attempted invocation of federal question jurisdiction and finds it to be wholly without merit. Haphazardly listing a cavalcade of federal statutes does not turn the federal courts into a receptacle for litigation. Accordingly, the Court

**DISMISSES** this case for lack of subject-matter jurisdiction, finds the plaintiff's motion for summary judgment (Doc. 3) **MOOT**, and **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**
**DATED:  November 7, 2017**

*s/ J. Phil Gilbert*<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**